10-3638-ag
Dacaj v. Holder

BIA
Rohan, IJ
A088 524 989

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of April, two thousand twelve.

PRESENT:
   JOSEPH M. McLAUGHLIN,
   GUIDO CALABRESI,
   REENA RAGGI,
    *Circuit Judges.*

_____

SHKODRAN DACAJ,
   *Petitioner,*

   v.         10-3638-ag
                NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
   *Respondent.*

_____

FOR PETITIONER:   Fatos Koleci, Milford, Connecticut.

FOR RESPONDENT:   Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Don G. Scroggin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Shkodran Dacaj, a native of Serbia and a citizen of Kosovo, seeks review of an August 10, 2010 decision of the BIA affirming the April 23, 2008 decision of Immigration Judge ("IJ") Patricia A. Rohan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shkodran Dacaj*, No. A088 524 989 (B.I.A. Aug. 10, 2010), *aff'g* No. A088 524 989 (Immig. Ct. N.Y. City Apr. 23, 2008). We assume the parties' familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision to deny the petition for review.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, *i.e.*, minus the arguments for denying relief that were not considered by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications, such as this one, governed by the REAL ID Act, in order to demonstrate eligibility for asylum and withholding of removal, "the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see Castro v. Holder*, 597 F.3d 93, 104 (2d Cir. 2010); *see also Matter of C-T-L-*, 25 I. & N. Dec. 341, 344–46 (BIA 2010) (extending "one central reason" standard to withholding of removal). Here, substantial evidence supports the agency's determination that Dacaj's testimony lacked sufficient detail to show that his political opinion was "one central reason" for the harm he suffered and feared in Kosovo.

An alien's uncorroborated testimony may suffice to carry his burden only where it is "consistent, detailed, and credible." *Chuilu Liu v. Holder*, 575 F.3d 193, 196-97 (2d Cir. 2009); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C). In this case, the agency reasonably found that Dacaj's testimony alone, even if credible and consistent, was not sufficiently detailed to support his assertion that the harm he suffered and feared in Kosovo was

3

at the hands of political parties who targeted him on account of his membership in the Alliance for the Future of Kosovo ("AAK"), in light of substantial evidence of financial motives for the attacks. *See Chuilu*, 575 F.3d at 196. Moreover, the agency was entitled to conclude that the statements by Dacaj's family members and other evidence submitted by Dacaj were insufficient to corroborate his account.

Further, even if Dacaj could show past persecution creating a presumption of future persecution, the agency properly found that this presumption was rebutted by evidence of changed country conditions. *See Lecaj v. Holder*, 616 F.3d 111, 119 (2d Cir. 2010). As the agency found, Kosovo declared its independence in 2008 and Dacaj has provided no evidence of recent inter-party strife or violence against ethnic Albanians. Nor do Dacaj's generalized assertions of recent "politically motivated killings" or Kosovo's continuing "political problems" establish a fear of future persecution absent a presumption.

Accordingly, we find no error in the agency's determination that Dacaj failed to meet his burden of proof as to his claims for asylum and withholding of removal. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); 8 U.S.C. § 1231(b)(3)(C); *see*

4

*also Chuilu*, 575 F.3d at 196-99. Dacaj does not challenge the agency's denial of CAT relief. We lack jurisdiction to consider Dacaj's argument that he is eligible for humanitarian relief because he failed to exhaust that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk